UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL GURTLER                                   CIVIL ACTION

VERSUS                                            NO. 08-818

NORTHWESTERN MUTUAL INSURANCE                     SECTION "C"  (1)
COMPANY, ET AL

ORDER AND REASONS

This matter comes before the Court on the issue of subject matter jurisdiction and the plaintiff's motion to remand. Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

This matter was removed from state court on the basis of diversity. 28 U.S.C. § 1332. For diversity jurisdiction to attach, the amount in controversy at the time of removal must be at least $75,000 and the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

The plaintiff, Michael Gurtler ("Gurtler"), sued Northwestern Mutual Life Insurance Company ("Northwestern") and its agent, Dabney M. Ewin ("Ewin") for

disability benefits and for premium payments allegedly owed under a disability policy with Northwestern through its agent Ewin.  The plaintiff had also purchased life insurance from the defendants.   Both Gurtler and Ewin are Louisiana citizens.  In its Notice of Removal, Northwestern claims that the Louisiana defendant Ewin was improperly joined so as to defeat removal.   The defendants assert that the plaintiff has not stated a claim against the insurance agent under Louisiana law and that any claims that the plaintiff may have had against the Louisiana defendant is preempted by Louisiana Revised Statute § 9:5606.

In removed actions, the removing party bears the burden of establishing that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995).  The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit.  To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); *see also, B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (*citing Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir.

1993)). Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (*citing Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (emphasis added)).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (*citing Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. *Englande*, 206 F. Supp. 2d at 819 (*citing B., Inc.*, 663 F.2d at 545). This, "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. . ." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc); *see also Melder v. Allstate Corp.*, 404 F.3d 328. 330 (5th Cir. 2005) ("[A]t issue is whether Defendants have established there is no reasonable basis Plaintiff might be able to recover under Louisiana state law against the non-diverse defendant. . .") A "mere

theoretical possibility of recovery" does not preclude a finding of improper joinder. *Id.*, 385 F.3d at 572.

The Court's determination can be made in two ways: (1) by undertaking a Rule 12(b)(6) - type analysis to determine whether the complaint states a claim against the in-state defendant or (2) whether a claim has been stated by misstated or omitted discrete facts determinative of the propriety of joinder. *Id.* A minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* "[T]he inability of the court to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

The plaintiff has made claims against Ewin for negligence and/or breach of contract for failing to procure adequate disability insurance coverage, along with other unspecified acts of negligence, breach of contract and breach of duty of good faith and fair dealing. (Petition, ¶¶ XXII-XXIII.)  Specifically, he alleges that he retained Ewin to act as his agent in procuring necessary disability coverage, that he had met with Ewin shortly before his injury to ensure such coverage was in place, and that Ewin materially misrepresented the coverage afforded. (Petition, ¶¶ VII, IX).  With regard to this

argument, the defendants argue that Ewin did not breach any duty to the plaintiff. Specifically, the defendants argue that recovery against an agent is available only "if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage," citing *Karam v. St. Paul Fire & Marine Insurance Co.*, 281 So.2d 728, 730-731 (La. 1973).

The Court reads the petition as alleging exactly the *Karam* species of assumption on the part of the plaintiff. Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested. *Southern Athletic Club*, 2006 WL 2583406 at *4 (*citing Karam* , 281 So.2d. at 730-31. If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. *Id.* However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. *Id.* (*citing Graves v. St. Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)). the Court finds that the plaintiff has alleged facts of a "long standing relationship" between the plaintiff and Ewin that would support a

fiduciary duty between those parties. Therefore, the Court finds that the plaintiff has sufficiently alleged a claim against Ewin for purposes of this motion.[1]

The defendants next argue that any claim against Ewin is preempted under La. Rev. Stat. 9:5606.[2] They argue that the plaintiff did not bring his claim within three years "of the act, omission, or neglect." The disability policy was first purchased in 1999, more than three years prior to filing suit. The plaintiff argues that the defendants ignore the effect of the meeting between Gurtler and Ewin just a few months before the mishap, when Ewin allegedly "disregarded further requests by Gurtler to be fully insured against the risk of disability," "assured Gurtler that the policy covered all damages resulting from a disability" and failed to "procure this <u>requested</u> insurance." (Rec. Doc. 13, pp. 12-14). The Court finds that the plaintiff's allegations do state a claim that is not

---

[1] The defendants make other arguments relative to the viability of other claims allegedly made by the plaintiff in the petition. In light of the Court's finding that at least one claim against Ewin is viable, it does not address the merits of those arguments or claims.

[2] Louisiana Revised Statute § 9:5606 provides in relevant part:
A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

prescribed or preempted for purposes of this motion.

Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions.  *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686, 27,658 (La. App. 12/6/95) (*citing Matthews v. Business Men's Assur. Co. of America*, 478 So.2d 634, 637 (La. App. 2 Cir. 1985); *Perkins v. Shelter Ins. Co.*, 540 So.2d 488 (La. App. 1 Cir. 1989)).  Again, the plaintiff asserts that he relied on Ewin's advice.  The plaintiff also alleges that he lost copies of the policies and requested replacements from Ewin.  The gist of these allegations is that the plaintiff was lulled into complacency by representations made by Ewin.  The facts may disclose that the plaintiff's reliance was well-founded, regardless of the actual language of the policy.[3]

Finally, the Court rejects the defendants' argument that Ewin can not be an agent of both Northwestern and Gurtler for purposes of this motion.  The plaintiff alleges in his petition that Ewin was retained "to provide advice and to act as his agent in

---

[3] In addition, under Louisiana law, a plaintiff may recover for negligent misrepresentation if: (1) the defendant owes a duty to supply correct information; (2) the defendant breaches that duty; and, (3) the plaintiff suffers damages resulting form a justifiable reliance on that misrepresentation.  *Chiarella v. Spirit Spectrum, LLP*, 2004-1433 (La.App. 4 Cir.) 921 So.2d 106, 123 (citing, *Abbott v. Equity Grp., Inc.*, 2 F.3d 613, 624, n.38 (5th Cir. 1993)).  An insurance agent has a duty to provide his client with correct information, thus he may be liable for negligent misrepresentation if he provides incorrect information to the client on which the client relies and is thereby damaged. See, *Lichtfuss v. Encompass Ins. Co.*, 2007 WL 708779, at *2, (E.D.La. 3/2/2007) (citing, *Venture Assocs. Inc. of Louisiana v. Transportation Underwriters*, 93-539 (La. App. 3 cir. 3/2/1994) 634 So.2d 4, 6-7).

procuring necessary insurance coverage." (Petition, ¶ VII). In any event, if Ewin exceeded any authority given by Northwestern, he may still be liable under La. Civ. Code art. 3019.[4] The plaintiff's allegations are sufficient to state a claim against Ewin for relief for purposes of this motion.[5]

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).[6]

New Orleans, Louisiana, this 29th day of May, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[4] Article 3019 provides:
   A mandatory who exceeds his authority is personally bound to the third person with whom he contracts, unless that person knew at the time the contract was made that the mandatary had exceeded his authority or unless the principal ratifies the contract.

[5] In addition, the Court notes that it is not satisfied that the jurisdictional minimum existed at the time of removal.

[6] The Court's ruling is not intended to prevent full consideration by the state court of any of these issues.